Thank you, your honors. Please, the court. Dennis Reardon, appearing on behalf of appellants Casorso, Sanchez, and Marr. Your honors, this is an important case, and it's an interesting case, because there's a paradox in antitrust law that the Supreme Court has never addressed, much less resolved. And that is the fact that it has clearly stated in the Corella case in 1989, and this Court has followed it in its own decisions, that you can never use a conclusive presumption to establish an element of a crime. And, of course, as we know, the trial court in this case told the jury that there was a conclusive presumption that the element of unreasonable restraint had been proven, which is an element of every Section 1. Kagan Didn't the Court just say that bid rigging is a crime, really? I mean, isn't the problem here that the Supreme Court has defined bid rigging as a per se violation, and at that point, that's the crime? We don't have to talk about the element? Javier Sanchez The problem with that is that it has done that as a per se offense in the civil context. It has never said that you can — well, since Corella, has never said that you can tell the jury that because it's a per se crime, it doesn't have  And, in fact, there's a conclusive presumption that the element of unreasonable restraint has been proven. And that's what a per se violation is. Scalia The older cases included criminal cases. Javier Sanchez I'm sorry? Scalia Trenton — I apologize for my voice — Trenton Potteries and I think Saccone were both criminal cases. And so the Supreme Court has spoken to it. Now, they have not spoken to it since this line with regard to presumptions in criminal cases has developed. But it's not that the Supreme Court has been silent on the question. It just — it's been  Javier Sanchez Oh, no, Your Honor. I believe Saccone was in 1940. There was a case in 1945, Franklin. But the point is that neither of those cases said that you can use a conclusive presumption and instruct the jury on it. And, of course, those were — the antitrust violations were misdemeanors at that time. And there hasn't been a statement since — certainly since Corella. But let me point out something. Let me embrace the government's position for a minute, which is that, oh, under manufacturers, there's actually two offenses contained in Section 1, and there's a criminal offense that has unreasonable restraint in it, and there's a criminal offense that doesn't, the latter being, per se, the former being rule of reason. Let me embrace it and say this. If that's true — and then I'll get to why there's problems with manufacturers. If that's true, they charge the offense that has unreasonable restraint in it in the grand jury indictment. Now, they may say, no, no, we get to tell the court that it's a per se violation, so it doesn't have to instruct on unreasonable restraint. But the only entity that can determine what offense a defendant is facing is the grand jury. That's the Fifth Amendment guarantee. And so it's clear in the indictment that unreasonable restraint was charged. If they're right, then they — this was a constructive amendment because the court gave instructions that eliminated unreasonable restraint and instructed on the second of these offenses rather than the one charged in the indictment. But with that, let me say this. That's not an argument you made in the district court, though, right? Oh, it absolutely is, Your Honor. A constructive amendment argument? Yes, Your Honor. It's at — I can give the page on — the ER page, and I'll give it to the Court in just a second. We made it there. We've made it here in the sense that — and again, I'll give you the specific page on the constructive amendment, Your Honor. Oh, I may have it here. Well, I'll come to it. I'll come back to it. Yes, it was argued in the pretrial motions that this was a constructive amendment. And of course, we've made the argument here. We have said both in our briefs, opening and reply brief, that the court — that the grand jury charged an offense with unreasonable restraint, and the court failed to instruct on that element, and the government didn't prove it. But let me point out this. In 2018, in the civil context, the United States Supreme Court, in the American Express case, said Section 1 violations contain the element of unreasonable restraint, either unreasonability under the per se test or unreasonability under the rule of reason. Now, the government — so it's clearly an element in civil cases under both — both of those standards, per se and on rule of reason. But if — But if you're going to go on and argue as a defense, so the practical effect, I don't think there's any real difference here. Well, here's the difference, Your Honor. A judge in a civil case is entitled to say, I've looked at the per se precedents, I find this is a per se case, so I'm taking the element of unreasonability from you. That's perfectly okay in a civil case, but that doesn't in any way address the contradiction that in criminal cases, a judge can never take an element from the jury. That's what Carrella says. That was what this Court said. Isn't the only element bid rigging? Once you've proven that, isn't that all you have to prove? Well, the Supreme Court in American Express says unreasonability is an element of this. Judge, I agree — Bid rigging is unreasonable, no? So once you've proven bid rigging, that's the end of the case. Well, in a civil case, a judge can say — But not in a criminal case. Because then the Court is taking — American Express says unreasonability is an element. If it's an element in a criminal case, a judge can't do that. A judge can't do that. That's what this Court said in the McLean v. Moran decision following Carrella. And here's the — here's some of the problems with that. If there's two criminal — the government's position, Your Honor, is not that — that bid rigging establishes unreasonability. The government's position in this case under manufacturers is that there is no element of unreasonability. Isn't that just two ways of saying the same thing? But, Your Honor, I would submit to you it makes all the difference in the world whether it's — What difference does it make in the real world which word you used? If bid rigging is a criminal violation of the Sherman Act, and it's also unreasonable, and they're the identical thing, why — isn't this just sort of semantics here? Well, the difference between a criminal and a civil case is not semantics, Your Honor. I mean, there is no constitutional right in a civil case to preclude a court from saying, I'm sorry, you've proven an unreasonability. What the government's position is, there's two different offenses. And the government's position is, you're right, Your Honor, bid rigging is a — is in itself a violation of Section 1. And — but there's another kind of offense that has unreasonability in it. Well, that's unreasonability that's charged in this indictment. And secondly, if they're right, what they're essentially saying is that in 1890, when Congress passed the Sherman Antitrust Act, it incorporated into the Sherman Antitrust Act the jurisprudence of per se and rule of reason offenses that wasn't even developed until decades after the Act was passed. The courts, even the United States Supreme Court, cannot create a criminal offense and an offense which, by saying that unreasonability, which the Supreme Court says is an element of per se offense. So I'm trying to figure out where you're getting that. So in American Express, the Court says that a small group of restraints are unreasonable per se because they always or almost always tend to restrict competition. Is that the sentence you're using to get the — No. What I'm relying on is the sentence that says the Sherman Act prohibits unreasonable restraints of trade, whether they are unreasonable under the per se standard or the rule of reason standard. But it's okay. And the sentence I read says per se violations are always — we just assume they're unreasonable. So at that point, how are you saying it's an element? Well, because they — when they say that it precipitates unreasonable restraints, whether they are unreasonable under the per se standard, they're saying that there is a per se — an element of unreasonability in per se offenses. They're saying it's satisfied by certain kinds of offenses like bid rigging and price fixing. But once they've established there's an element and it's charged here, it makes all the difference in the world that it's a criminal case, because the Supreme Court has — and this Court has also said if it's a criminal case, you cannot instruct the jury on a conclusive presumption, which is what was done here. So we're really resting this on the difference between civil offenses where courts can in essence make up common law rules that apply to them and criminal offenses where courts cannot make up offenses, they can't drop elements. The Sander Oil case 100 years ago said that all Section 1 offenses have unreasonability as an element. So what we're really saying, Your Honor, is that this is the difference. The contradiction doesn't exist in the civil context. And Judge Kaczynski in his Alston opinion said beware, beware, the government cites Alston, of using law developed in the civil context in criminal cases. Even if we were to agree with you, how would we deal with Joyce? Joyce never mentions the word due process. Joyce never mentions — But it calls this exact scheme a per se violation. What it didn't do was address the claim here. Joyce didn't manufacture — I'm sorry. Joyce didn't. Alston didn't. Since Carrella, no one has come to this Court and said, how do you reconcile the fact that unreasonability is an element of every sermon of offense, which this Court apparently absolutely agrees with, with the fact that this is a criminal case and you can never use a conclusive presumption. Joyce doesn't address that. And Alston doesn't address that. And the Supreme Court has never addressed that. I'm getting close to — I want to reserve, let's say, two minutes for rebuttal. Two quick things. The argument that we made, since if they're right and there's two offenses, that unreasonability is a part of the rule of reason offenses, that's what the grand jury charged. So that's an argument that the constructive amendment — But the indictment doesn't say rule of reason, right? It just quotes the Sherman Act? What's that? The indictment? I mean, it doesn't say we're charging a rule of reason offense. No. But it does say we're charging an offense that has unreasonable restraint as an element. It does say that. Does it say as an element, though? I mean, I think it just quotes the Act, doesn't it? Isn't that what the indictment does, is just quote the Sherman Act? Yes. Which contains — and the Sherman Act — well, no. No, that's not true, Your Honor. It doesn't quote the Sherman Act. No? Because the Sherman Act doesn't have the element of unreasonable restraint in it. The Supreme Court read that into it in 1911 in the — in the Stand Oil case. So it added to the language of it, and it followed what everybody knows is true, what this Court agrees with. Unreasonable restraint is an element of every Section 1 offense. But two quick points. So, one, the constructive amendment argument is not affected by any of these cases. It relies on Sterone and other cases we've cited in our brief. But secondly, let me point out that we do have an argument instructionally that the instructions on bid rigging were defective. So, you know, put aside the unreasonable restraint argument. Bid rigging, because the Court instructed that any arrangement that affects competition, affects it, an arrangement can promote it, is in fact bid rigging, which we've challenged. And secondly, we argue that one thing that is not bid rigging, everybody agrees on this, is joint ventures. And why wasn't the jury permitted to decide the issue of joint ventures? The Court said essentially, I've eliminated all evidence of joint ventures, so I'm not going to instruct on it. That kind of circular areas, you just can't permit in a criminal case. And with that, I'll rest for a couple of minutes. We have a couple of minutes left to argue. Your Honors, and may it please the Court. I'm Adam Chandler here for the United States. This is an ordinary bid rigging case. The law that applies is clear and long settled. And defendants do not even dispute that they agreed with others to refrain from bidding in these home foreclosure auctions. We prosecuted this case the same way we've prosecuted dozens of other bid rigging cases over the years. So why didn't the indictment just say we're charging you with bid rigging in violation of the Sherman Act? Well, it essentially did. What the indictment said was the defendants entered into and engaged in a combination and conspiracy to suppress and restrain competition by rigging bids. That's on page 589 of the excerpts of record. That's how we charge bid rigging cases, and we've done so in many cases that have been upheld by this circuit. In fact, in just the last six months, you mentioned the Joyce case, two separate panels of this Court have affirmed the convictions of six other members of the same bid rigging conspiracies at issue here. Defendants can't claim that anything unusual happened at their trial. You added to that, though, didn't you say bid rigging in unreasonable restraint of interstate trade and commerce? Wasn't that also in the indictment? Yes. So that's – does that create ambiguity? No, Your Honor. As you mentioned in the earlier argument, this is mostly just quoting the Sherman Act specified. Although I misspoke when I asked that because it's not actually quoting the Sherman Act. He's correct about that, right? It's quoting Standard Oil. Well, yes. This is – maybe I should look at the – I think he's right about that. It's the word unreasonable. The word unreasonable is the addition that comes from Standard Oil? That's true, yes. But I am seeing this – again, it's page 589. Defendants entered into and engaged in a combination conspiracy to suppress and restrain competition by rigging bids. Yes, in unreasonable restraint of interstate trade and commerce. That does come from Standard Oil, and that has been a part of Section 1 law for over a century. So to the defendant's argument that unreasonableness is an element of the offense, we agree that it is part of the offense, but not in the way that they conceive of it. As American Express said, there are basically two ways restraints can be unreasonable. The first is the per se rule, and the way that conduct is unreasonable under the per se rule is just by being in one of these defined categories like price and quantity. The other way is via the rule of reason. Under the rule of reason, there's a fact-specific assessment of the competitive effects of the restraint, and that is a separate substantive rule of law. That's what this Court said in Manufacturers. So those are two separate rules of law, and we charge unreasonableness by saying this was a bid-rigging conspiracy. A century of Supreme Court law has said if you have proven a bid-rigging I also want to address the Corella point about presumptions. I'm a little confused by this because Corella was a very short per curiam Supreme Court opinion that didn't profess to be making any new law. It relied on a case called Sandstrom, which in turn relied on a case called Morissette from the 50s that predated this Court's decision in Manufacturers. So the way I see it, there really hasn't been any, you know, ground-shifting on that law since Morissette, and this Court was well aware of it in Manufacturers. In addition, even if Corella did change something about the law, the Eleventh Circuit in the Giordano case followed this Court's decision in Manufacturers after Corella, so at least another circuit didn't see that anything had changed in that decision. And I'll just stress again, this Court really did speak very precisely and the bid-rigging instruction that defendants mentioned, we submit that that is only reviewable for plain error that was not preserved at trial. And their complaint about the single entity defense instruction, that is, the one that they submitted was incorrect as a matter of law. The judge was under no obligation to correct it for them and give a joint venture instruction based on no evidence whatsoever that this was a legitimate joint venture. Let me pose to you the practical concern I've had about this case. And again, I apologize for my voice. It seems we're bound by Manufacturers, and Manufacturers makes an effort to explain or offer an explanation for the tension that lies between the application of a per se rule and the Supreme Court's holding in, admittedly, very different context. In criminal cases, you don't have mandatory presumptions. And I think if it's going to get straightened out, it's going to have to require either an en banc panel of this Court or more likely the Supreme Court itself, which has said in general it's not for the lower courts like us to deal with the fact that they might have two lines of cases that someday result in a collision. The problem for me has been that these defendants are sitting in prison right now, and their terms, I guess I haven't looked them up, but their terms are such that their release dates are probably coming up in the pretty near future before any of these harder questions can be resolved either by this court en banc or by the Supreme Court. Is there anything we can do about that? Well, Your Honor, I, of course, this Court has the option of going en banc. At least Mr. Marr is incarcerated until August 2020. But I would submit that every circuit to have considered this question, six of them in all have come to the same conclusion, so there really aren't two lines of thinking on this. And even the Federal Rules of Appellate Procedure anticipate an en banc to resolve a circuit split, but it would be highly unusual to go en banc to create one. The fact is there just really hasn't been controversy about this question in many decades, so it doesn't seem to me a good candidate for en banc or Supreme Court review. And I, again, this panel is bound by manufacturers, which is, in my view, the most important thing. If there are no further questions, I will rest my briefs and yield the balance of my time. Thank you, counsel. Thank you. Let me begin by addressing the incredibly important question that Judge Clifton just raised, which is if this is a fairly debatable case, the defendants were entitled to release pending appeal. Of course, the courts that denied that didn't have the briefing in this case. And we submit that if this panel believes, and there is law to support it, that this merits en banc review, that at that point it's found a substantial question. There's no flight risk, no danger here. And so we will this afternoon submit a motion for release pending appeal. But two other things. I'd like to submit some supplemental authorities with just a couple of decisions of this case, such as McLean v. Moran, which just follows Carrella. But here's an important point that to meet the government's argument. In Gowdin, in which we rely heavily, the First, the Second, the Third, the Fourth, the Fifth, the Sixth, the Seventh, the Eighth, the Tenth, the Eleventh, the D.C. materiality was an element that could be taken from the jury. Gowdin, I believe, was a 9-0 decision that said that that was not the case. So if this is an important question, the fact that a couple of out-of-circuit courts have addressed it differently is not a reason not to ask this court to either deal with it as a panel or recommend an en banc review. And the government has really contradicted itself because it now conceded to you, I believe, that that unreasonability is an element of a criminal offense under Section 1. That's at odds with manufacturers. That's saying that manufacturers was wrong. And it's because manufacturers said it is not an element, essentially, of the second of these two offenses supposedly enacted by Congress in 1890. And a final point is that if a court deletes an element from adds an element to the crime or recognizes an element as it did in the standard oil case, it can do that. What it can't do is delete an element which broadens an offense because then it's creating a new offense and no court can do that. Thank you, Your Honors. Thank you. Thank you, both sides, for the helpful arguments. The case is submitted. The last case on calendar is Oklahoma Police Pension and Retirement System v. Life Lock, 17-16895. Each side will have 15 minutes.
judges: Clifton, Friedland, Adelman